**IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **NICOLE SUTTON,** | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) |
| | ) |
| **APPLE INC. d/b/a APPLE** | ) |
| **COMPUTER and APPLE** | ) |
| **COMPUTER, INC.** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I.
### Introduction

1.  This is an action for employment discrimination brought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* against Defendant Apple Inc. Plaintiff claims that she was terminated by Defendant because of her perceived disability, and later, Defendant refused to hire her in Chicago, Illinois, because of that same perceived disability.

## II.
## Jurisdiction and Venue

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 giving the District Courts jurisdiction over all civil actions arising under the laws of the United States.

3.  Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to the action occurred in the Northern District of Illinois.

## III.
## Exhaustion of Administrative Remedies

4.  Plaintiff filed her discrimination charge with the EEOC on September 22, 2010, and received her right to sue letter dated October 14, 2010.  (See Exhibit A attached to the complaint).

## IV.
## Factual Allegations

5.  Plaintiff is a 22 year-old female citizen of the United States who currently resides in Chicago, Illinois.   Plaintiff was initially hired by

Defendant, Apple Inc., in 2008 to work in the "SoHo" Store in New York City. Plaintiff worked at the store until April 26, 2010, while she was also a full time student at New York University. For most of the time Plaintiff worked at Apple, she worked fulltime. Plaintiff graduated from New York University with degrees in French and Architecture.

6. Defendant, Apple Inc., is a California Corporation. It operates over 235 stores nationwide, in 42 of the 50 States. Plaintiff alleges on information and belief that Defendant Apple Inc. does business in the State of New York as Apple Computer. Plaintiff further alleges on information and belief that Apple Inc. does business as Apple Computer, Inc. in Illinois. It presently operates nine retail stores in Illinois, from which it sells tens of thousands of computers and millions of dollars worth of computer-related products.

7. Plaintiff began working full time in the SoHo Apple Store in New York City in June of 2008. Plaintiff was an excellent employee. She received superlative reviews and a raise. Eventually, Plaintiff was promoted to the newly-created position of visual coordinator, which entailed designing the "look" of the entire store.

8. On April 28, 2009, Plaintiff took a leave of absence due to a nervous disorder, during which time she sought the services of a psychiatrist.

9.    The company handling Plaintiff's disability leave on behalf of Apple assured Plaintiff that the details of Plaintiff's medical condition would not be released to Apple personnel; however, upon Plaintiff's return to work after being authorized to do so by her doctor, it became obvious that Apple personnel, and especially Human Resources Manager Carrie Gorman, knew that Plaintiff had sought the services of a mental health professional on her disability leave.

10.   Plaintiff returned to work on August 26, 2009, after her psychiatrist certified that Plaintiff's temporary mental disability had been ameliorated.

11.   During her disability, Plaintiff was told that her job, or one that was commensurate, would be preserved.  However, upon her return to work on August 26, 2009, Plaintiff discovered that someone else was doing her job and sitting at her former desk.

12.   Plaintiff then asked Apple's supervisory personnel, in particular Assistant Store Manager Erich Simo, what she should be doing.  Mr. Simo told Plaintiff that "she was in a holding pattern until we figure something out.  We're planning a store restructuring and they'll be something you'll like."  So Plaintiff went to a room in the basement where there was a vacant desk to await further instructions.

13.   Many days went by and still Plaintiff was not assigned to any particular job, despite requesting that she be assigned to one.   Plaintiff busied herself occasionally helping others but there were days where she had nothing to do.   Plaintiff then heard that one of her co-workers, Christine Anderson, was going on vacation.   Plaintiff asked Ms. Anderson if she could do Ms. Anderson's job while she was gone and Ms. Anderson said she could.   Plaintiff then did Ms. Anderson's job during Ms. Anderson's vacation.

14.   After Ms. Anderson returned, Plaintiff again spent weeks doing nothing, despite numerous requests to Apple supervisory personnel for a specific (or any) job assignment.

15.   In November 2009, still without a specific job assignment, Plaintiff heard that a job in the "genius admin" department of Apple (in SoHo) was opening up.   Plaintiff applied for the job.

16.   In December 2009, Plaintiff interviewed for the "genius admin" job.

17.   In January, however, Plaintiff discovered that she would not be hired for the "genius admin" job.   Another employee, Chanelle, got the job, although she had not worked at Apple as long as Plaintiff, nor had she ever

attended college.  When Plaintiff inquired why she had not received the job, she was told that "there were questions about her mental stability".

18.   Plaintiff asked Apple supervisory personnel if she could be transferred to Chicago, as it was obvious that there was no job assignment for her in New York, and her parents live in Chicago.  However, Plaintiff never heard back from New York personnel.  But she did learn that there was a job opening in Chicago.  Finally, feeling that the Apple Store in SoHo was simply trying to get her to quit by refusing to give her anything to do, Plaintiff went to Chicago, Illinois, and applied for a job opening in the Apple Store on North Michigan Avenue.

19.  Carrie Gorman (from New York) called Plaintiff and told her she did not get the job in Chicago.

20.   Defendant Apple, Inc. took the actions described above with malice and reckless indifference to Plaintiff's federally protected rights.

## **Cause of Action**

21.  Plaintiff submits that in light of the foregoing facts, Defendant has violated Plaintiff's rights as defined in 42 U.S.C. § 12101, *et seq.*, by constructively discharging Plaintiff, and refusing her jobs she was qualified for, as a result of a "perceived disability" – mental illness.

22. Plaintiff was in fact not mentally ill.

23. As a result of Defendant's actions, Plaintiff suffered emotional distress, humiliation and embarrassment.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant Apple Inc. d/b/a Apple Computer and Apple Inc. d/b/a Apple Computer, Inc., and in favor of Plaintiff for:

a) Appropriate back pay, front pay, employment benefits and other compensation that was denied or lost;

b) Punitive damages in the amount of $300,000.00;

c) All pre-judgment interest to which she is entitled;

d) Plaintiff's attorney's fees and costs; and

e) Such other and further relief this Court deems just.

Respectfully submitted,

*/s/ Agnes Grossman*
Agnes Grossman
Attorney for Plaintiff

Agnes Grossman
**Law Offices of Richard D. Grossman**
225 West Wacker Drive
20th Floor
Chicago, IL  60606
(312) 750-9308