# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NICOLE SUTTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPLE INC. d/b/a/ ) <br> APPLE COMPUTER and ) <br> APPLE COMPUTER, INC., ) <br> ) <br> Defendant. ) | No. 10-CV-08176 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nicole Sutton brings this action for employment discrimination pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq* against defendant Apple, Inc., alleging she was discriminated against because of her disability. Defendant moves to dismiss in part plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and moves to transfer venue to the Southern District of New York pursuant to 28 U.S.C. §1404(a). For the reasons that follow, the Court grants defendant's motions.

## FACTUAL BACKGROUND

The following relevant facts will be taken as true for the purposes of this motion. In June of 2008, plaintiff began working for Defendant's store in New York City ("SoHo Store"). She took a leave of absence from April 28 to August 26, 2009, during which time she sought psychiatric treatment. When she returned to work, plaintiff was not reassigned or given specific job responsibilities for several weeks.

In December 2009, plaintiff applied and interviewed for a specific position at the SoHo Store. She alleges she was not selected because "there were questions about her mental stability." Plaintiff requested a transfer to the Chicago Apple store. She later interviewed for a

position there but was not selected. On April 1, 2010, plaintiff was emailed her upcoming work schedule. She failed to show up for work the following four days and was terminated on April 6, 2010.

On September 22, 2010, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC charge") alleging defendant discriminated against her in violation of the ADA. On December 24, 2010, plaintiff filed this cause of action alleging she was discriminated against as a result of her disability. Defendant moves to dismiss in part plaintiff's complaint because plaintiff alleges discriminatory acts that are outside the scope of her underlying EEOC charge and that are time-barred by the statute of limitations. Defendant also moves to transfer venue to the Southern District of New York.

### A. Motion to Dismiss

### LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all well-pleaded allegations, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 59 (2007), and draw all reasonable inferences in favor of the nonmoving party. Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007). To withstand a motion to dismiss, a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The pleader must show that it is plausible, rather than merely speculative, that she is entitled to relief. INEOS Polymers, Inc. v. BASF Catalysts, 553 F.3d 491, 497 (7th Cir. 2009).

### DISCUSSION

Defendant moves to dismiss, in part, because the allegations in plaintiff's complaint are beyond the scope of plaintiff's EEOC charge for discriminatory discharge. Although defendant

argues plaintiff alleges acts that are time-barred by the statute of limitations, plaintiff concedes she does not seek damages for defendant's actions between April and November 2009.[1]

It is well established that the scope of an EEOC charge limits the scope of a subsequent federal complaint. Teal v. Potter, 559, F.3d 687, 691 (7th Cir. 1992). Employees who claim to have suffered discrimination pursuant to the ADA must exhaust administrative remedies prior to bringing a lawsuit by filing an administrative charge claiming disability discrimination. 29 U.S.C. §794a(a)(1).

While a plaintiff need not allege each and every fact in her EEOC charge that combines to form the basis of her complaint, the court requires some specificity or detail as a condition precedent to assert claims. See Rush v. McDonald's Corp., 966 F.2d 1104, 1110-12 (7th Cir. 1992) (requiring some detail beyond a statement that "I believe I have been discriminated against because of my race, Black"). Cognizable claims set forth in a complaint must be "like or reasonably related to the allegations of the charge and growing out of such allegations." Jenkins v. Blue Cross Mut. Hosp. Ins., 538 F.2d 164, 167 (7th Cir.) (en banc). Claims are not alike or reasonably related unless a factual relationship exists between them. Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 501 (7th Cir. 1994). At a minimum, plaintiff's EEOC charge and complaint must describe the same conduct and implicate the same individuals. See id.

Plaintiff's EEOC charge clearly alleges that her termination from the SoHo Store was based upon the perception that she was suffering from a mental disability.[2] However, plaintiff's complaint appears to assert that, in addition to discriminatory or constructive discharge, defendant failed to promote or assign her to a specific position in December 2009 and later

---

[1] Any alleged discriminatory acts that occurred before November 26, 2009 are time-barred by the 300-day statute of limitations. 29 U.S.C. §§626(d)(2); 633(d).
[2] Plaintiff's EEOC charge states: "On or about June 28, 2008, I began my employment with [Defendant]. My most recent position was Specialist. During my employment, [Defendant] was made aware of my disability. On or about April 6, 2010, I was discharged. I believe that I was discriminated against because of my perceived disability, in violation of the Americans with Disabilities Act of 1990, as amended." DKT #10-1.

3

refused to hire her at the Chicago Store.³ Courts in this district have held that an administrative charge alleging discriminatory discharge does not imply that discriminatory failure to promote occurred. See Jones v. Michael Reese Hosp., 90 C 7027, 1991 WL 105583 (N.D. Ill. June 7, 1991) (finding failure to promote claim falls outside scope of charge alleging discriminatory discharge); Abraham v. Field Enterprises, 511 F. Supp. 91, 93 (N.D. Il1. 1980).

Here, plaintiff fails to show the requisite factual relation between her termination and defendant's alleged failure to promote her in New York and failure to hire her in Chicago. Plaintiff also fails to show that the alleged discriminatory acts in New York and Chicago describe the same conduct and implicate the same individuals. Plaintiff's EEOC charge makes no reference to any alleged acts that took place in Chicago. Accordingly, plaintiff's failure to promote and failure to hire claims fall outside the scope of her underlying EEOC charge and are improperly before this Court. Therefore, those claims are dismissed with prejudice.

**B. Motion to Transfer Venue**

**LEGAL STANDARD**

A district court has broad discretion to transfer a civil action to another district where the action could have been filed "[f]or the convenience of the parties and witnesses, in the interest of justice." In re Nat'l Presto Indus., Inc., 347 F.3d 662, 663 (7th Cir. 2003); 28 U.S.C. §1404(a). Transfer is appropriate where: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice. Amoco Oil Co. v. Mobil Oil Corp., 90 F.Supp. 2d 958, 959 (N.D. Ill. 2000); 28 U.S.C. §1404(a).

---

³ Plaintiff's complaint states: "Plaintiff claims that she was terminated by Defendant because of her perceived disability, and later, Defendant refused to hire her in Chicago, Illinois because of that same perceived disability." DKT #1 ¶1. "Defendant constructively [discharged] Plaintiff, and [refused] her jobs she was qualified for, as a result of a "perceived disability" – mental illness." DKT #1 ¶21.

4

**DISCUSSION**

When determining to transfer venue, the court conducts an "individualized, case-by-case analysis of convenience and fairness," and the moving party has the burden of establishing that the transferee forum is clearly more convenient. Coffey v. Van Dorn Iron Works, 796 F. 2d 217, 219-20 (7th Cir. 1986). In doing so, the Court must consider private and public interests. The weighing of factors for and against transfer is within the sound discretion of the district court. See, e.g., Coffey, 796 F.2d at 291.

This Court recognizes that transfer to the Southern District of New York is proper because plaintiff's claim that alleged discriminatory acts occurred in Chicago has been properly dismissed. Therefore, this action no longer has any connection to the Northern District of Illinois aside from the fact that plaintiff now resides in Chicago. However, even if plaintiff's Chicago claim were to survive, the relevant private and public factors weigh in favor of transfer.

**1. Private Interest Factors**

Factors relevant to the private interests of the parties include: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. Amoco Oil, 90 F.Supp. 2d at 960.

**a. The Plaintiff's Choice of Forum**

Plaintiff currently resides in Chicago, Illinois. Defendant is a California Corporation operating in several states including Illinois and New York. A plaintiff's choice of forum has been given substantial weight, but it is not the only factor the court must consider in determining whether to transfer venue. Von Holdt v. Husky Injection Molding Sys., Ltd., 887 F. Supp. 185, 188 (N.D. Ill. 1995).

**b. The Situs of the Material Events**

The weight given to plaintiff's choice of forum is lessened on a motion to transfer venue if the chosen forum has a relatively weak connection with operative facts giving rise to the claim. Von Holdt, 887 F. Supp. at 188. Plaintiff worked at the SoHo store for nearly two years, and all decisions relating to her employment and the events giving rise to her termination occurred in New York. All of the events giving rise to plaintiff's claims properly before the court occurred in New York. The only relation this case has to Illinois is the fact that plaintiff applied for a position to work in the Chicago store and recently relocated to Illinois. Therefore, the substantial weight given to plaintiff's choice of her home forum is diminished by the dispute's connection with New York. This factor weighs in favor of transfer.

**c. The Relative Ease of Access to Sources of Proof**

Defendant contends that all of the potential sources of proof, including medical records and documents at the SoHo store pertaining to or containing information about plaintiff are located in New York. Plaintiff asserts that at least some documents exist in Illinois, but fails to identify any specifically. If any such documents exist in either state, they are arguably easily transferable; therefore this factor weighs neither for nor against transfer. See First Nat. Bank v. El Camino Res., Ltd., 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006).

**d. The Convenience of the Parties**

This factor involves the consideration of the parties' respective residences and their abilities to bear the expense of trial in a particular forum. Coll. Craft Companies, Ltd. v. Perry, 889 F. Supp. 1052, 1056 (N.D. Ill. 1995). When a plaintiff chooses its own forum, it is reasonable to assume that the choice is convenient. Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 718 (7th Cir. 2002).

Defendant is a large corporation able to bear the cost of litigation in Illinois. This Court recognizes that litigating in the Southern District of New York imposes a burden on the plaintiff, a recent college graduate. However, it would also be burdensome and costly on the corporation in general and the specific store to litigate in Illinois, rather than to require plaintiff to litigate in New York. Defendant indicates that several members of the SoHo Store's managerial team will be required to travel to Chicago. When a plaintiff and defendant are in different states, no choice of forum will avoid imposing inconvenience. In re Nat'l Presto, 347 F.3d at 665. This Court finds this factor weighs against transfer solely on the basis that the plaintiff's choice of forum is given deference.

**e. The Convenience of the Non-Party Witnesses**

The convenience of witnesses has been described as the most important factor in the §1404(a) analysis. First Nat'l Bank, 447 F. Supp. 2d at 913. In determining which venue is more convenient to witnesses, the court should focus on convenience of potential non-party witnesses as opposed to witnesses within control of the party calling them, who will usually appear voluntarily. Coll. Craft Companies, Ltd., 889 F. Supp. at 1055; 28 U.S.C. §1404(a). Defendant asserts that each of the potential non-party witnesses, including plaintiff's New York health care provider, Dr. Fielding, and at least two former employees who are outside the scope of this Court's 100-mile subpoena authority. Dr. Fielding is a potential witness to plaintiff's underlying disability claim and alleged emotional distress damages. Plaintiff argues that at least some witnesses other than herself are in Illinois but fails to indicate who they are and their relevance to the case. Accordingly, this factor weighs heavily in favor of transfer.

**2. Public Factors**

The factors relevant to public interest focus on the efficient administration of the court system and include such considerations as: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the relation of the community to the occurrence at issue; and (4) the desirability of resolving controversies in their locale. Amoco Oil, 90 F.Supp. 2d at 961-962.

The parties agree that either district is equally familiar with the applicable ADA legal principles. Defendant argues that should any state law issues arise, New York law would control and therefore a federal judge sitting in New York would be more familiar with New York state law. To the extent that New York law may necessarily be applied, this court is fully capable of doing so. The parties also agree that both venues have an interest in this action. However, New York is the situs of the material events, therefore New York has a greater interest in resolving a dispute between a New York employee and a New York employer. Finally, the disparity between the speed with which this case will proceed to trial in the Southern District of New York and the Northern District of Illinois is not significant and does not suggest that this Court would necessarily provide a faster resolution.[4] These factors weigh neither for nor against transfer.

Accordingly, this Court finds that transfer to the Southern District of New York, as the situs of material events, is clearly more convenient, serves the convenience of the parties and witnesses, and is in the interest of justice.

---

[4] It takes five and a half months longer to go to trial in New York than in Illinois, and there is a one month difference in the disposition of all cases as between New York and Illinois. See http://www.uscourts.gov/viewer.aspx?doc'/cgi-bin/cmsd; http://www.uscourts.gov/viewer.aspx?doc'/cgi-bin/cmsd2010Dec.pl

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss in Part and Motion to Transfer Venue are granted. This case is ordered transferred to the Southern District of New York for all further proceedings.

IT IS SO ORDERED.

Date:   June 23, 2011

Entered:_____
Sharon Johnson Coleman